The opinion of the Court was delivered by
Todd, J.
This is a mandamus proceeding to compel the payment by the State Treasurer of certain warrants held by the University of Louisiana, of the State series of 1880.
" The Constitution of 1879, among its other provisions, declares :
“ The General Assembly shall from time to time make such provision for the proper government, maintenance and support of said State University/ and all departments thereof, as the public necessities and well being of the people of Louisiana may require, not to exceed ten thousand dollars annually.”
The legislature, by Act 71 of 1880, appropriated for the support of *405 flie University, by authority of this Article, ten thousand dollars for each of the years. 1880 and 1881, and the warrants in question were issued under the provisions of this Act.
The answer of the Treasurer, supported by his evidence, shows that there is no money to pay ordinary warrants, that is, warrants whose payment is not absolutely required by the Constitution, and that the rule of his office was to give the warrants issued to pay salaries of Constitutional officers, the preference.
In the ease of the State ex rel. Collins vs. Burke, 32 A. 1215, this Court held:
“ That warrants for the salaries of Constitutional officers, where the amounts of such salaries are fixed hy the Constitution, are entitled to be paid out of the general fund of the State hy preference and priority over all other warrants against such funds.”
The Relator claims to he paid the amount of the warrants concurrently with all warrants issued to Constitutional officers.
The relief sought is too broad. There are warrants which are issued to Constitutional officers, representing the three branches of the government, whose salaries are fixed hy the Constitution, and must he paid by preference over all other officers whose salaries are not • so fixed. This was expressly decided in the Collins case above referred to.
The warrants held hy the Relator were not issued to any officer whose salary is fixed hy the Constitution, hut to an institution in whose favor the Constitution does not provide hy a fixed allowance.
In the first instance, the. warrants represent the debt of the State determined hy the Constitution, and its payment imperatively required by the mandatory terms thereof.
In the second instance, the warrants represent a liberality of the State measured hy the discretion of the legislature, and which must remain in suspense in the event of a depleted treasury.
In an application for a mandamus, the Court is powerless to grant a relief different from that specifically asked.
Had the Relator prayed for payment by preference over, or concurrently with, other specified warrant holders, the Court might have extended its inquiry, and determined the question presented, butunder the issue submitted, it is restricted to the sole question, whether the Relator is or not entitled to participate in the distribution of the fund in tire treasury, concurrently with all Constitutional warrant holders without discrimination.
-Under the pleadings and the evidence, we are constrained to determine the issue in the negative, and decline the special relief sought.
Judgment affirmed.